1  VENABLE LLP
   Susan E. Hollander (SBN 133473)
2  Jessica L. Grant (SBN 178138)
   505 Montgomery Street, Suite 1400
3  San Francisco, CA 94111
   Email:   sehollander@venable.com
4           jgrant@venable.com
   Telephone:   (415) 653-3750
5  Facsimile:   (415) 653-3755

6  Sharoni S. Finkelstein (SBN 271829)
   Email:   ssfinkelstein@venable.com
7  2049 Century Park East, Suite 2300
   Los Angeles, CA 90067
8  Telephone:   (310) 229-9900
   Facsimile:   (310) 229-9901
9
   *Attorneys for Plaintiff Tri-Union Seafoods, LLC*
10 *dba Chicken of the Sea International*

11
## UNITED STATES DISTRICT COURT
12
## NORTHERN DISTRICT OF CALIFORNIA
13

14  TRI-UNION SEAFOODS, LLC DBA CHICKEN OF THE SEA INTERNATIONAL, a California limited liability company,

Case No. _____

COMPLAINT FOR:

16         Plaintiff,

17     v.

(1) FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);

18  OTIS MCALLISTER, INC., a California corporation; and DOES 1 THROUGH 10,

(2) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)(1)(A));

19
           Defendants.

(3) FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c));

(4) STATE UNFAIR COMPETITION (CAL. BUS. & PROF CODE § 17200);

(5) COMMON LAW UNFAIR COMPETITION

DEMAND FOR JURY TRIAL

COMPLAINT

Plaintiff Tri-Union Seafoods, LLC dba Chicken of the Sea International ("**Chicken of the Sea**" or "**Plaintiff**"), for its complaint against Otis McAllister, Inc. ("**Defendant**"), hereby alleges as follows:

## NATURE OF THE CASE

1. This action seeks damages and injunctive relief for Defendant's willful infringement of Chicken of the Sea's iconic mermaid trademark, and for unfair competition and false designation of origin, trademark dilution, and related claims arising under state law.

2. For 65 years, Chicken of the Sea has used a mermaid logo as a brand identifier for its famous Chicken of the Sea canned tuna. During that time, the mermaid logo has become one of the most recognizable brand icons in the United States, and has become synonymous with Chicken of the Sea. As one of only three major canned tuna brands in the United States, Chicken of the Sea's distinctive mermaid logo shares the tuna market with StarKist's Charlie the Tuna and Bumble Bee's bee mascot. Indeed, a mermaid has been the face of Chicken of the Sea since 1952, and the company has spent millions of dollars in advertising and promotion to ensure that the public associates mermaids exclusively with Chicken of the Sea and its canned tuna.

3. In blatant disregard for Chicken of the Sea's longstanding rights in the mermaid logo, Defendant recently began using a similar mermaid logo on labels for its LA SIRENA brand canned tuna. Prior to this new use, Defendant had primarily used the mermaid logo on *canned sardines*. Chicken of the Sea had repeatedly warned Defendant of its senior rights, cautioning Defendant not to begin using a mermaid design on canned tuna. Indeed, until Defendant's recent use, Chicken of the Sea had been the *only* company in the United States that used a mermaid logo to identify its brand of canned tuna. Today, Defendant's mermaid-branded canned tuna is being sold in the same grocery stores and directly adjacent to Chicken of the Sea's canned tuna.

4. Defendant also filed an application to register its mermaid logo with the U.S. Patent and Trademark Office ("**USPTO**") for "Frozen and canned fish and seafood." Chicken of the Sea filed a Notice of Opposition with the USPTO Trademark Trial and Appeal Board ("**TTAB**") to prevent this registration. The opposition is currently suspended.

5. Defendant's use of a mermaid logo on canned tuna will likely cause consumer

confusion, and will irreparably dilute the strength of Chicken of the Sea's mermaid trademark and brand. Chicken of the Sea's use of a mermaid is unique in the canned tuna industry; consumers associate mermaids in connection with canned tuna exclusively with Chicken of the Sea. Upon information and belief, consumers are more apt to purchase Defendant's La Sirena tuna with a mermaid logo because they believe it is made by, is affiliated with, or is a second brand of, Chicken of the Sea. Thus, Defendant's conduct described herein has caused and will continue to cause economic damage and irreparable harm to Chicken of the Sea and its goodwill in the mermaid brand.

6. Defendant's unauthorized use of a mermaid design on canned tuna is likely to cause confusion as to the association, sponsorship, and/or approval of Defendant's canned tuna with that of Chicken of the Sea, constituting trademark infringement, unfair competition, and dilution in violation of Sections 32 and 43 of the Lanham Act (15 U.S.C. §§ 1114 and 1125), and California common law.

## PARTIES

7. Plaintiff Tri-Union Seafoods, LLC dba Chicken of the Sea International is a limited liability company organized and existing under the laws of the state of California, with its principal place of business at 9330 Scranton Road, Suite 500, San Diego, California 92121.

8. Upon information and belief, defendant Otis McAllister, Inc. is a corporation organized and existing under the laws of the state of California, with its principal place of business at 300 Frank H Ogawa Plaza, Suite 400, Oakland, California 94612.

9. Chicken of the Sea is currently unaware of the identities of defendants Does 1–10, and therefore sues such defendants by such fictitious pseudonyms. On information and belief, discovery will reveal the true identities of those defendants and Chicken of the Sea will then amend this Complaint to identify those defendants by name.

## JURISDICTION AND VENUE

10. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and contains related California statutory and common law claims. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, as this is an

action arising under the laws of the United States and relating to trademarks. This Court has supplemental jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367, as those claims are part of the same case or controversy as the federal claims alleged herein.

11. This Court has personal jurisdiction over Defendant because Defendant resides in California and has continuous, systematic, and substantial contacts within the State of California. Further, Defendant has directed tortious acts that it knew or should have known would cause injury to Chicken of the Sea in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL BACKGROUND

### A. Chicken of the Sea and its Iconic Mermaid

13. Founded in 1914, Chicken of the Sea is one of the oldest seafood companies in the United States—best known for its tuna products—and is a market leader in the canned tuna product segment. For 65 years, Chicken of the Sea has used a now-iconic, golden-locked mermaid (the "**Mermaid**") to identify its canned tuna products. Chicken of the Sea has used various forms of the Mermaid since its inception. Recognized as one of the best-known brand icons in the world, the Mermaid has become synonymous with Chicken of the Sea's tuna.

14. Since the Mermaid was introduced in 1952, Chicken of the Sea has sold hundreds of millions of cans of tuna featuring the Mermaid to retail outlets nationwide, including grocery store chains, "big box" retail locations, independent markets, food services, and more. Chicken of the Sea has spent tens of millions of dollars in advertising the Mermaid in a wide variety of media, including in stores, print, radio, television, social media, and Internet. Although the Mermaid has updated her look over time, certain elements have remained constant: she is depicted in a sideways position, with long, flowing, blonde hair, slender arms, and a dark colored tail.

15. Chicken of the Sea owns numerous United States Trademark Registrations for its Mermaid, including those shown in the following chart:

| Mark | Reg. No. | Reg. Date | First Use Date | Goods/Services |
|---|---|---|---|---|
| *(mermaid logo)* | 2,843,167 | 05/18/2004 | May 2003 | Class 29 – Canned seafood |
| *(mermaid logo)* | 4,406,769 | 09/24/2013 | May 2003 | Class 29 – Seafood |
| *Chicken of the Sea* | 2,866,745 | 07/27/2004 | May 2003 | Class 29 – Canned seafood |
| *Chicken of the Sea* | 4,406,766 | 09/24/2013 | May 2003 | Class 29 – Seafood |
| *Chicken of the Sea TASTE OF ASIA* | 3,929,427 | 03/08/2011 | Sept. 2009 | Class 29 – Soups; and frozen, prepared and packaged entrees consisting primarily of meat, fish, seafood, poultry or vegetables |
| *Chicken of the Sea TO-GO CUPS* | 4,897,923 | 02/09/2016 | Dec. 2011 | Class 29 - Seafood |

Attached as Exhibit A hereto and incorporated herein by reference are copies of the Registration Certificates for the foregoing marks.

16. Each of the registrations for the Mermaid marks listed in Paragraph 15 herein is valid and subsisting in full force, unrevoked, and uncancelled. Notably, Registration Nos. 2843167, 2866745, and 3929427 are incontestable pursuant to 15 U.S.C. § 1065 with respect to the goods thereunder. Registration Nos. 2843167, 4406769, 2866745, 4406766, and 4897923 claim prior ownership of Chicken of the Sea's earlier mermaid logo registrations, which date back as early as 1958.

17. Throughout her 65-year history, the Mermaid has been the focal point for Chicken of the Sea's advertising. Decades ago, Chicken of the Sea developed a famous jingle highlighting the Mermaid: "Ask any mermaid you happen to see . . . what's the best tuna? Chicken of the Sea!" Chicken of the Sea owns a federal registration for this jingle, Registration

No. 4446624. Attached as <u>Exhibit B</u> hereto and incorporated herein by reference is a copy of the Registration Certificate for Chicken of the Sea's jingle. Over the years, this jingle has been played countless times nationwide in retail establishments, and on radio and television advertisements.

18. Chicken of the Sea's advertising for the Mermaid has created an association in the minds of the consuming public between mermaids and Chicken of the Sea tuna products exclusively. For example, Chicken of the Sea has engaged in significant "look-for" or "image" advertising, in which print advertisements directed consumers to "Look for the Mermaid on the label for the choice tuna," or instructed that "If it has the Mermaid on the label, it's America's favorite tuna." Chicken of the Sea has also used look for image advertisement in which the Mermaid appears alongside a can of Chicken of the Sea's tuna, with her hand covering the "Chicken of the Sea" brand name challenging consumers to identify the brand of tuna.

19. In 1955, Chicken of the Sea partnered with Disneyland to create the Chicken of the Sea Pirate Ship and Restaurant, a quick-service restaurant serving "all things tuna." Chicken of the Sea's Mermaid was prominently featured as the figurehead at the bow of the ship, where she remained for nearly 30 years and was viewed by millions of visitors to Disneyland. Chicken of the Sea has also developed dolls based on the Mermaid, many of which are collector's items today.

20. More recently, Chicken of the Sea hosted a Mermaid Jingle Jam, an online interactive contest that gave consumers the opportunity to come up with their own 30- to 90-second jingle that incorporated the original jingle lyrics, key messages about seafood, and the contestant's new verse into a music video. In 2011, Chicken of the Sea launched an integrated marketing campaign where the Chicken of the Sea Mermaid was featured in a series of online video and radio commercials that brought the Mermaid to life as an animated character. In honor of Chicken of the Sea's 100 year anniversary in 2014, the Mermaid toured 56 cities across the country, and Chicken of the Sea held a nationwide contest to name the Mermaid. Nearly 50,000 entries were received, and the Mermaid was ultimately named "Catalina." Both the naming contest and the tour were widely covered by national news outlets. Today, Chicken of the Sea's

website features a page dedicated to the iconic Mermaid at *<www.chickenofthesea.com/the-mermaid>*.

21. Chicken of the Sea also hosts a "Mermaid Club" membership rewards program with nearly 90,000 members. Customers can join the Mermaid Club online to receive recipes, special offers, and tips via email; access exclusive club member rewards and contests; and obtain special birthday coupons for Chicken of the Sea products.

22. As a result of these and other activities, numerous articles have recognized the Mermaid as "famous" and "iconic." For example, AdWeek estimates that the Mermaid has an 83% recognition rate. Marketing Dive recognized the Mermaid as one of the "10 brand mascots that stood the test of time." The Richest ranked the Mermaid as the 7th "hottest" brand mascot of all time. Finally, People Magazine identified the Mermaid as one of the most memorable mermaids in popular culture.

23. In sum, Chicken of the Sea has developed, at great effort and expense, valuable goodwill in the Mermaid, and consumers have come to recognize mermaids as being uniquely associated with Chicken of the Sea and its canned tuna. Thus, the Mermaid has become one of Chicken of the Sea's most valuable assets, and a symbol of Chicken of the Sea's goodwill.

**B.    Defendant's Wrongful Acts**

24. Despite Chicken of the Sea's long-standing prior use and repeated warnings, Defendant recently began using a mermaid on its La Sirena canned tuna:



La Sirena tuna is now sold in some of the same stores as Chicken of the Sea's canned tuna; in some cases, it is displayed on grocery store shelves directly adjacent to Chicken of the Sea tuna:



25. Upon information and belief, prior to this recent use, Defendant had never sold tuna in the United States, and had primarily sold *canned sardines* featuring a mermaid. In 1926, Defendant obtained California State Trademark Registration No. 11354 for the words "LA SIRENA" with a design of a mermaid and sea-scape for use in connection with "canned sardines."[1]

26. In 1966, Defendant obtained U.S. Trademark Registration No. 816,209 for the word mark LA SIRENA—with no mermaid logo—for "canned fish" in Class 29. The trademark registration contains a statement that "LA SIRENA" translated into English means "maiden." Upon information and belief, the specimen submitted for this registration is for *canned sardines*, and the registration claims a date of first use of 1918.

27. Upon information and belief, canned tuna and canned sardines occupy distinct channels of trade and target different consumers. Canned tuna is a staple of the American diet, with over 1 billion cans of tuna consumed by Americans each year. By contrast, canned sardines are targeted to a narrow "niche" class of consumers, which is miniscule compared to the canned tuna market in terms of sales or market penetration. Canned sardines and canned tuna are not competitive or fungible products.

28. In early 2011, Chicken of the Sea learned that Defendant was, for the first time,

---

[1] Registration No. 11354 expired in 1969.

promoting La Sirena canned tuna featuring a mermaid on its website. Upon information and belief, Defendant had not yet begun selling canned tuna in the United States at that time. Accordingly, on April 26, 2011, Chicken of the Sea, through its counsel, sent correspondence to Defendant advising it of its prior and senior trademark rights in the Mermaid for canned tuna, and demanding that Defendant not begin sales of canned tuna in the United States featuring a mermaid.

29. On November 8, 2012, Defendant filed with the USPTO an application to register the word mark LA SIRENA—with no mermaid logo—for "frozen fish and frozen seafood" in Class 29, which is the subject of U.S. Trademark Application Serial No. 85/775,173. In this application, Defendant included a statement that the English translation of "LA SIRENA" is "mermaid." On October 21, 2013, Chicken of the Sea filed with the USPTO Trademark Trial and Appeal Board ("**TTAB**") a Notice of Opposition to prevent registration of Defendant's LA SIRENA word mark. Thereafter, Defendant agreed to amend its application to state that the English translation of LA SIRENA is "siren" and not "mermaid." On July 10, 2015, the TTAB granted the parties' consented motion to amend the translation of LA SIRENA, and the opposition proceeding was terminated.

30. Just two weeks after this opposition was terminated, on July 29, 2015, Defendant filed with the USPTO an intent-to-use application to register a mermaid design as shown below for "frozen and canned fish and seafood" in Class 29, which is the subject of U.S. Trademark Application No. 86/708,323:



(The "**LA SIRENA Mermaid Mark**.") On August 8, 2016, Chicken of the Sea filed with the TTAB a Notice of Opposition against Defendant's new application. The opposition is styled *Tri-*

8
COMPLAINT

*Union Seafoods, LLC v. Otis McAllister, Inc.*, Opposition No. 91229418 (the "**Opposition Proceeding**"). The Opposition Proceeding is currently stayed.

31. In August 2016, Chicken of the Sea discovered that Defendant had launched a new website advertising, among other things, canned tuna. Chicken of the Sea's investigation revealed that Defendant had recently begun selling canned tuna in the United States with a prominent mermaid logo:



32. Upon information and belief, Defendant advertises its canned tuna on its website located at *<www.lasirenafoods.com/all-tuna>*. Attached as Exhibit C is a true and correct screenshot of this web page.

33. Upon information and belief, Defendant distributes its canned tuna to United States grocery stores, and Defendant's La Sirena tuna is now sold in at least some of the same retail grocery stores as Chicken of the Sea tuna; in some cases, Defendant's canned tuna is displayed on grocery store shelves directly adjacent to Chicken of the Sea's canned tuna.

34. On November 22, 2016, Chicken of the Sea, through its counsel, sent correspondence to Defendant demanding that Defendant phase out use of the LA SIRENA Mermaid Mark on canned tuna, and cease further distribution of canned tuna in the United States. Since then, the Parties have attempted to resolve this matter amicably, to no avail.

**FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement under 15 U.S.C. § 1114)**

35. Chicken of the Sea repeats and realleges paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Chicken of the Sea owns numerous valid and protectable federal trademark registrations for the Mermaid, as shown at Exhibit A hereto. The Chicken of the Sea Mermaid is

distinctive by virtue of its inherent and acquired distinctiveness, extensive use, prominence in intended and unsolicited media attention, and publicity.

37. As described in more detail in paragraphs 24 through 34 herein, Defendant has begun advertising, distributing, and selling canned tuna bearing the LA SIRENA Mermaid Mark in the United States.

38. Upon information and belief, consumers who encounter Defendant's La Sirena mermaid-branded canned tuna are likely to believe that this product is sourced from, is affiliated with, or is a secondary brand of Chicken of the Sea. Thus, Defendant's use of the LA SIRENA Mermaid Mark on canned tuna is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Chicken of the Sea, or as to the origin, sponsorship, or approval of Defendant's canned tuna by Chicken of the Sea. Such use constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

39. Defendant's conduct is without Chicken of the Sea's permission or authority. Prior to beginning this use, Defendant had actual knowledge of Chicken of the Sea's senior rights in its Mermaid trademarks for tuna. As a result, Defendant has committed its infringement with full knowledge of Chicken of the Sea's rights in the Mermaid for canned tuna, and has willfully, deliberately, and maliciously engaged in the described acts with an intent to injure Chicken of the Sea and to deceive the public.

40. Upon information and belief, Defendant has profited from this infringement.

41. This is an exceptional case under 15 U.S.C. § 1117(a).

42. Defendant's willful conduct has caused damage to Chicken of the Sea in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law.

43. In light of the foregoing, Chicken of the Sea is entitled to injunctive relief, and to recover from Defendant all damages, including lost profits and attorneys' fees, that Chicken of the Sea has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this

action. Chicken of the Sea is also entitled to an accounting of Defendant's profits resulting from its Lanham Act violations.

## SECOND CAUSE OF ACTION

**(Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))**

44. Chicken of the Sea repeats and realleges paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. As described in more detail in paragraphs 24 through 34 herein, Defendant has begun advertising, distributing, and selling canned tuna bearing the LA SIRENA Mermaid Mark in United States commerce.

46. Upon information and belief, consumers who encounter Defendant's La Sirena mermaid-branded canned tuna are likely to believe that this product is sourced from, is affiliated with, or is a secondary brand of Chicken of the Sea. Thus, Defendant's use of the LA SIRENA Mermaid Mark is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Chicken of the Sea, or as to the origin, sponsorship, or approval of Defendant's products by Chicken of the Sea. Such use constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

47. Upon information and belief, Defendant's conduct was designed and undertaken for the purpose of unfairly competing with Chicken of the Sea.

48. Defendant's conduct is without Chicken of the Sea's permission or authority. Prior to beginning this use, Defendant had actual knowledge of Chicken of the Sea's senior rights in its Mermaid trademarks for tuna. As a result, Defendant has committed the conduct described herein with full knowledge of Chicken of the Sea's rights in the Mermaid for canned tuna, and has willfully, deliberately, and maliciously engaged in the described acts with an intent to injure Chicken of the Sea and to deceive the public.

49. Upon information and belief, Defendant has profited from this unfair competition and false designation of origin.

50. This is an exceptional case under 15 U.S.C. § 1117(a).

51. Defendant's willful conduct has caused damage to Chicken of the Sea in an

11
COMPLAINT

amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of the Chicken of the Sea Mermaid, for which there is no adequate remedy at law.

52. In light of the foregoing, Chicken of the Sea is entitled to injunctive relief, and to recover from Defendant all damages, including lost profits and attorneys' fees, that Chicken of the Sea has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action. Chicken of the Sea is also entitled to an accounting of Defendant's profits resulting from its Lanham Act violations.

## THIRD CAUSE OF ACTION

### (Federal Dilution under 15 U.S.C. § 1125(c))

53. Chicken of the Sea repeats and realleges paragraphs 1 through 52, inclusive of this Complaint as if fully set forth herein.

54. Chicken of the Sea's Mermaid is "famous" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), in that it is widely recognized by the general consuming public of the United States as a designation of source of Chicken of the Sea's canned tuna, as set forth above in paragraphs 13 through 23.

55. Chicken of the Sea's Mermaid is distinctive by virtue of its inherent and acquired distinctiveness, extensive use, prominence in intended and unsolicited media attention, and publicity. Indeed, numerous articles have recognized the Mermaid as "famous" and "iconic." As a result of the substantial inherent and acquired distinctiveness and widespread use of the Mermaid, Chicken of the Sea's Mermaid has become strong and widely respected symbols for the canned tuna and related products it represents.

56. As described in more detail in paragraphs 23 through 33 herein, Defendant has used a mermaid logo in connection with canned tuna in commerce, and such use began long after Chicken of the Sea's Mermaid became famous.

57. Defendant's use of a mermaid logo as described above is likely to cause dilution by blurring because the association among ordinary consumers arising from Defendant's use of a

mermaid logo for canned tuna is likely to impair the distinctiveness of Chicken of the Sea's famous Mermaid in violation of 15 U.S.C. § 1125(c)(2)(B).

58. Defendant's unauthorized use of a mermaid logo as described above is likely to cause dilution by tarnishment because the association among ordinary consumers arising from Defendant's use of a mermaid logo for canned tuna is likely to harm the reputation of Chicken of the Sea's famous Mermaid in violation of 15 U.S.C. § 1125(c)(2)(C).

59. Defendant's conduct is without Chicken of the Sea's permission or authority. Prior to beginning this use, Defendant had actual knowledge of Chicken of the Sea's senior rights in its Mermaid trademarks for tuna. As a result, Defendant has committed the conduct described herein with full knowledge of Chicken of the Sea's rights in the Mermaid for canned tuna, and has willfully, deliberately, and maliciously engaged in the described acts with an intent to injure Chicken of the Sea and to deceive the public.

60. Upon information and belief, Defendant has profited from this trademark dilution.

61. This is an exceptional case under 15 U.S.C. § 1117(a).

62. Defendant's willful conduct has caused damage to Chicken of the Sea in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of Chicken of the Sea's Mermaid, for which there is no adequate remedy at law.

63. In light of the foregoing, Chicken of the Sea is entitled to injunctive relief, and to recover from Defendants all damages, including lost profits and attorneys' fees, that Chicken of the Sea has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action.

## FOURTH CAUSE OF ACTION

**(State Unfair Competition, Cal. Bus. & Prof. Code § 17200)**

64. Chicken of the Sea repeats and realleges paragraphs 1 through 63, inclusive of this Complaint as if fully set forth herein.

65. Defendant's conduct alleged herein constitutes false designation of origin under

15 U.S.C. § 1125(a). Defendant's conduct thus constitutes willful and deliberate unfair competition in wanton disregard of Chicken of the Sea's valuable intellectual property rights. Upon information and belief, Defendant has profited from this infringement.

66. Defendant's conduct has directly and proximately caused and will continue to cause Chicken of the Sea substantial and irreparable injury, including customer confusion, injury to its reputation, and diminution in value of its intellectual property, and unless restrained, will continue to seriously and irreparably impair further the value of Chicken of the Sea's Mermaid, for which there is no adequate remedy at law.

67. In light of the foregoing, Chicken of the Sea is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 et seq. restraining Defendant from engaging in further such unlawful conduct, as well as restitution of those amounts unlawfully obtained by Defendant through its wrongful conduct.

## FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition)

68. Chicken of the Sea repeats and realleges paragraphs 1 through 67, inclusive of this Complaint as if fully set forth herein.

69. Defendant's conduct alleged herein constitutes use of a mermaid logo in connection with the advertising or sale of canned tuna in commerce. These activities create a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of them with Chicken of the Sea, or as to the origin, sponsorship, or approval of Defendant's canned tuna by Chicken of the Sea in the eyes of the consuming public. Defendant's conduct is likely to induce consumers to believe, contrary to fact, that Defendant's canned tuna is sponsored, endorsed, approved by, or connected with Chicken of the Sea.

70. Defendant's conduct is without Chicken of the Sea's permission or authority, and was commenced and committed knowingly, deliberately, and willfully with the intent to trade on the goodwill associated with Chicken of the Sea's Mermaid, to injure Chicken of the Sea's reputation in the Mermaid, and/or to impair the distinctiveness of the Mermaid. Further, Defendant's conduct is oppressive and malicious in that it was intended to injure Chicken of the

Sea and was carried on by Defendant with a willful and conscious disregard of the rights of others.

71. Defendant's unauthorized use of a mermaid in connection with the sale and advertisement of canned tuna in the United States as described above constitutes unfair competition under California common law.

72. Defendant's willful conduct has caused damage to Chicken of the Sea in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of Chicken of the Sea's Mermaid, for which there is no adequate remedy at law. Upon information and belief, Defendant has profited from this activity.

73. In light of the foregoing, Chicken of the Sea is entitled to injunctive relief, and to recover from Defendant all damages, including lost profits and attorneys' fees, that Chicken of the Sea has sustained and will sustain as a result thereof, in an amount not yet known, as well as the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Chicken of the Sea requests that judgment be entered in its favor and against Defendant as follows:

1. For an order and judgment that Defendant has infringed Chicken of the Sea's Mermaid trademark in violation of Chicken of the Sea's rights under federal law, common law, and/or California law;

2. For an order and judgment that Defendant has unfairly competed with Chicken of the Sea in violation of Chicken of the Sea's rights under 15 U.S.C. § 1125(a), common law, and/or California law;

3. For an order and judgment that Defendant's conduct has diluted Chicken of the Sea's famous Mermaid trademark in violation of 15 U.S.C. § 1125(c);

4. For an order and judgment that Defendant has acted in bad faith, willfully, intentionally, and/or with reckless disregard to Chicken of the Sea's rights;

5. For an order permanently enjoining and restraining Defendant, and its agents, affiliates, subsidiaries, parents, officers, directors, servants, attorneys, employees, and assigns, and all persons in active concert or participation with them, from:

    a. Using a mermaid logo in connection with the sale or advertisement of canned tuna in the United States;

    b. Using a mermaid logo directly or indirectly in connection with the sale of canned tuna, on any website or in any grocery store or other retail outlet;

    c. Engaging in conduct intended to mislead consumers through false advertising such as that specified in this Complaint or other similar advertisements intended to mislead or confuse consumers or disparage or dilute Chicken of the Sea's Mermaid; and

    d. Engaging in any activity that is intended to, or has the effect of, causing Defendant or any other person to tarnish Chicken of the Sea's Mermaid in any way;

6. For an order requiring Defendant to permanently remove any canned tuna bearing the LA SIRENA Mermaid Mark from any website or any grocery store or other retail outlet;

7. For an order requiring Defendant to file with the Court and serve upon Chicken of the Sea within fifteen (15) days after issuance of any injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

8. For an order requiring Defendant to account for and pay over to Chicken of the Sea all profits derived by Defendant from the use of the LA SIRENA Mermaid Mark, or any mermaid logo, on canned tuna, and for all damages sustained by Chicken of the Sea by reason of Defendant's acts of infringement, false designation of origin, unfair competition, and injury to business reputation complained of in this Complaint, and that such amounts be held in constructive trust for Chicken of the Sea;

9. For an order awarding Chicken of the Sea:

    a. All profits derived by Defendant's wrongful acts complained of herein;

    b. All damages sustained by reason of Defendant's wrongful acts complained of herein;

    c. Treble the amount of actual damages suffered by Chicken of the Sea under

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1  15 U.S.C. § 1117(a);

   d. Restitution for Defendant's unfair business practices pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

   e. Punitive and exemplary damages in an amount sufficient to deter and punish Defendant for its willful and wrongful acts;

   f. Its costs incurred in this action;

   g. Its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

   h. Pre-judgment and post-judgment interest

  10. For an order granting Chicken of the Sea such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Chicken of the Sea hereby demands a jury trial of all issues so triable.

Respectfully Submitted,

Dated:  November 17, 2017   VENABLE, LLP

   By: /s/  Susan E. Hollander

    Susan E. Hollander (SBN 133473)
    Email: sehollander@venable.com
    Jessica L. Grant (SBN 178138)
    Email: jgrant@venable.com
    505 Montgomery Street, Suite 1400
    San Francisco, CA 94111
    Tel:  (415) 653-3750
    Fax:  (415) 653-3755

    Sharoni S. Finkelstein (*Pro Hac Vice* pending)
    Email: ssfinkelstein@venable.com
    2049 Century Park East, Suite 2300
    Los Angeles, CA  90067
    Tel:  (310) 229-9900
    Fax:  (310) 229-9901

    *Attorneys for Plaintiff Tri-Union Seafoods, LLC dba Chicken of the Sea International*