Mark A. Steiner (SBN 88124)
Justin Fields (SBN 259491)
Meghan C. Killian (SBN 310195)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001
E-mail: masteiner@duanemorris.com
         jfields@duanemorris.com
         mckillian@duanemorris.com

Attorneys for Defendant
OTIS MCALLISTER, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-UNION SEAFOODS, LLC DBA CHICKEN OF THE SEA INTERNATIONAL, a California limited liability company,<br><br>            Plaintiff,<br><br>      v.<br><br>OTIS MCALLISTER, INC., a California corporation; and DOES 1 THROUGH 10,<br><br>            Defendants. | Case No.: 3:17-cv-06646-JSW<br><br>**DEFENDANT OTIS MCALLISTER, INC.'S ANSWER TO COMPLAINT**<br><br><br><br>Judge:                  Hon. Jeffrey S. White<br>Complaint Filed:   November 17, 2017 |

Defendant Otis McAllister, Inc. ("Defendant") answers Plaintiff's Complaint ("Complaint"), paragraph by paragraph, as follows:

### NATURE OF THE CASE[1]

1. Admitted that this paragraph generally describes the claims asserted and relief sought by Plaintiff in this action. Otherwise, denied.

2. Denied upon information and belief.

3. Admitted that Plaintiff has used and continues to use what Plaintiff describes as a "mermaid" logo on Plaintiff's canned sardines. Otherwise, denied.

4. Admitted.

5. Denied.

6. Denied.

### PARTIES

7. Denied upon information and belief.

8. Admitted.

9. Denied upon information and belief.

### JURISDICTION AND VENUE

10. This paragraph asserts legal conclusions regarding the statutory and jurisdictional bases underlying the Complaint.

11. This paragraph asserts legal conclusions regarding personal jurisdiction. Otherwise, denied.

12. This paragraph asserts legal conclusions regarding venue.

### FACTUAL BACKGROUND

**A.  Chicken of the Sea and its Iconic Mermaid**

13. Denied upon information and belief.

14. Denied upon information and belief.

15. Denied upon information and belief.

---

[1] For ease of reference, Defendant incorporates the headings that Plaintiff used in its Complaint, but does not intend any admissions or endorsement of their contents.

16. Denied upon information and belief.

17. Denied upon information and belief.

18. Denied upon information and belief.

19. Denied upon information and belief.

20. Denied upon information and belief.

21. Denied upon information and belief.

22. Denied upon information and belief.

23. Denied upon information and belief.

**B.    Defendants Wrongful Acts**

24. Admitted that Defendant has used and continues to use what Plaintiff describes as a "mermaid" logo on Defendant's canned tuna. Otherwise, denied.

25. Admitted that Defendant obtained California State Trademark Registration No. 11354 for the words "LA SIRENA" with a design of a mermaid and sea-scape for use in connection with "canned sardines." Otherwise, denied.

26. Admitted.

27. Denied upon information and belief.

28. Admitted that Plaintiff sent correspondence to Defendant on or around April 26, 2011, the contents of which speak for themselves. Otherwise, denied upon information and belief.

29. Admitted.

30. Admitted.

31. Denied upon information and belief.

32. Admitted.

33. Admitted.

34. Admitted that Plaintiff sent correspondence to Defendant on or around November 22, 2016, the contents of which speak for themselves. Otherwise, denied.

///

///

///

## FIRST CAUSE OF ACTION

**(Federal Trademark Infringement under 15 U.S.C. § 1114)**

35. Defendant incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

36. Admitted that Exhibit A contains trademarks registered by Chicken of the Sea and/or Tri-Union Seafood, LLC. Otherwise, denied.

37. To the extent Paragraph 37 incorporates Paragraphs 24 through 34, Defendant asserts the same responses to those Paragraphs as stated above. Admitted that Defendant has advertised, distributed, and sold canned tuna in the United States bearing the logo set forth in the Complaint. Otherwise, denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## SECOND CAUSE OF ACTION

**(Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))**

44. Defendant incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

45. To the extent Paragraph 45 incorporates Paragraphs 24 through 34, Defendant asserts the same responses to those Paragraphs as stated above.

46. Admitted that Defendant has advertised, distributed, and sold canned tuna in the United States bearing the logo set forth in the Complaint. Otherwise, denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## THIRD CAUSE OF ACTION

**(Federal Dilution under 15 U.S.C. § 1125(c))**

53. Defendant incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## FOURTH CAUSE OF ACTION

**(State Unfair Competition, Cal. Bus. & Prof. Code § 17200)**

64. Defendant incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

65. Denied.

66. Denied.

67. Denied.

## FIFTH CAUSE OF ACTION

**(Common Law Unfair Competition)**

68. Defendant incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

69. Denied.

4

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

Defendant alleges the following further and separate affirmative defenses.

1. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

4. Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands.

5. Plaintiff consented and/or acquiesced to the conduct about which it complains.

6. The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

Defendant specifically reserves the right to assert additional defenses as may appear appropriate following further discovery and factual development of the case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that judgment be entered against Plaintiff as follows:

1. That Plaintiff take nothing by reason of its Complaint.

2. That Plaintiff's Complaint be dismissed.

3. That Defendant be awarded its costs of suit incurred in this action.

///

///

///

1      4.    That Defendant be awarded such other and further relief as the Court may deem just
2  and proper.
3      5.

4  Dated: February 20, 2018         **DUANE MORRIS LLP**

6      By:    /s/ Mark A. Steiner
    Mark A. Steiner
7      Justin Fields
    Meghan C. Killian

8      Attorneys for Defendant
    OTIS MCALLISTER, INC., a California
9      corporation