LATHAM & WATKINS LLP
  Jennifer L. Barry (Bar No. 228066)
    *jennifer.barry@lw.com*
  Patrick C. Justman (Bar No. 281324)
    *patrick.justman@lw.com*
12670 High Bluff Drive
San Diego, CA  92130
858.523.5400 / 858.523.5450 (Fax)

BOWLES & VERNA LLP
  Richard T. Bowles (Bar No. 46234)
    *rbowles@bowlesverna.com*
  Lawrence D. Goldberg (Bar No. 168142)
    *lgoldberg@bowlesverna.com*
2121 N. California Blvd., Suite 875
Walnut Creek, CA  94596
925.935.3300 / 925.935.0371 (Fax)

Attorneys for Defendant
and Counter-Claimant,
OTIS McALLISTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRI-UNION SEAFOODS, LLC, DBA CHICKEN OF THE SEA INTERNATIONAL, a California limited liability company,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>OTIS McALLISTER, INC., a California corporation and DOES 1 THROUGH 10,<br><br>Defendant and Counter-Claimant. | CASE NO. 4:17-cv-06646-JSW<br><br>**OTIS MCALLISTER'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(d)**<br><br>Date:         November 15, 2019<br>Time:         9:00 A.M.<br>Judge:        Hon. Jeffrey S. White<br>Courtroom: 5, 2nd Floor |

**TABLE OF CONTENTS**

Page

I.     INTRODUCTION & SUMMARY OF ARGUMENT ...................................................... 1

II.    PROCEDURAL HISTORY ............................................................................................ 2

       A.     Otis' Counterclaims & the Case Schedule ............................................................ 2

       B.     Status of Discovery .............................................................................................. 4

III.   LEGAL STANDARD ..................................................................................................... 6

IV.    ARGUMENT ................................................................................................................... 7

       A.     Further Discovery Is Necessary to Adjudicate COSI's Affirmative
              Defense of Laches. ............................................................................................... 9

              1.     Otis Requires Additional Discovery Regarding the
                     Iterations of COSI's Mermaids to Present Facts Essential to
                     Justify Its Opposition on the Issue of Laches. ........................................ 10

              2.     Otis Requires Additional Discovery Regarding the Parties'
                     Prior Business Relations to Present Facts Essential to
                     Justify Its Opposition on the Issue of Laches. ........................................ 12

       B.     Further Discovery Is Necessary to Adjudicate COSI's Affirmative
              Defense of Acquiescence. ................................................................................... 14

V.     CONCLUSION .............................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AirFX.com v. AirFX LLC*,
   No. 11-CV-01064, 2012 WL 1067935 (D. Ariz. Mar. 29, 2012) ........................................9, 12

*Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*,
   323 F.3d 767 (9th Cir. 2003) ..............................................................................................1, 6

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................................6

*Cywee Grp. Ltd. v. HTC Corp.*,
   No. C17-0932, 2019 WL 3860303 (W.D. Wash. Aug. 16, 2019) .........................................6, 8

*Dwinell-Wright Co. v. White House Milk Co.*,
   132 F.2d 822 (2d Cir. 1943) ..................................................................................................15

*Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*,
   880 F.3d 1109 (9th Cir. 2018) ........................................................................................ *passim*

*Emp'rs Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Clorox*,
   353 F.3d 1125 (9th Cir. 2004) .................................................................................................6

*Fitbug Ltd. v. Fitbit, Inc.*,
   78 F. Supp. 3d 1180 (N.D. Cal. Jan. 26, 2015) ....................................................................9, 11

*Great Am. Assurance Co. v. Bishop*,
   No. 18-CV-03630, 2018 WL 5776270 (N.D. Cal. Nov. 2, 2018) ............................................8

*Int'l News, Inc. v. 10 Deep Clothing*,
   No. C18-0302, 2019 WL 3337973 (W.D. Wash. July 24, 2019) ................................7, 11, 15

*Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*,
   559 F.3d 985 (9th Cir. 2009) ................................................................................9, 11, 12, 13

*Luna Distrib. LLC v. Stoli Grp. (USA), LLC*,
   No. SA CV 17-1552, 2018 WL 5099277 (C.D. Cal. July 10, 2018) .......................................9

*Metabolife Int'l, Inc. v. Wornick*,
   264 F.3d 832 (9th Cir. 2001) ...................................................................................................6

*Monster Energy Co. v. BeastUp LLC*,
   No. 2:17-CV-01605, --- F. Supp. 3d ---, 2019 WL 3803679 (E.D. Cal. Aug. 13, 2019) ..............................................................................................................................14, 15

*Nazomi Commc'ns, Inc. v. Nokia Corp.*,
   No. 5:10-CV-04686, 2012 Wl 892334 (N.D. Cal. Mar. 14, 2012) ........................................12

*New Age Imports Inc. v. VD Importers, Inc.*,
  No. SACV 17-02154, 2019 WL 1427468 (C.D. Cal. Feb. 21, 2019) ................................... 7, 8

*Rearden LLC v. Crystal Dynamics, Inc.*,
  No. 17-CV-04187, 2018 WL 3023450 (N.D. Cal. June 18, 2018) ........................................... 6

*Roosevelt Irrigation Dist. v. Salt River Project Agricultural Improvement & Power Dist.*,
  No. 2:10-CV-290, 2016 WL 3613278 (D. Ariz. Feb. 22, 2016) ..................................... 1, 6, 8

*Seller Agency Council v. Kennedy Ctr. for Real Estate Educ., Inc.*,
  621 F.3d 981 (9th Cir. 2010) ................................................................................................ 14

*Sterling v. City of Hayward*,
  No. C 12-02927, 2013 WL 4777130 (N.D. Cal. Sept. 6, 2013) ................................... 7, 8, 13

*Stone Brewing Co., LLC v. MillerCoors LLC*,
  No. 3:18-CV-00331, 2019 WL 1383273 (S.D. Cal. Mar. 26, 2019) ................................. 9, 11

*Tillamook Country Smoker, Inc. v. Tillamook Cty. Creamery Ass'n*,
  311 F. Supp. 2d 1023 (D. Or. 2004), *aff'd* 465 F.3d 1102 (9th Cir. 2006) .............................. 15

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*,
  610 F.3d 1171 (9th Cir. 2010) .............................................................................................. 13

*U.S. Equal Opportunity Comm'n v. Dillard's Inc.*,
  No. 08-CV-1780, 2011 WL 4507068 (S.D. Cal. Sept. 28, 2011) ............................................ 7

*United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, Cal.*,
  No. 13-CV-02027, 2014 WL 3704041 (N.D. Cal. July 24, 2014) ........................................... 8

*Violan v. On Lok Senior Health Servs.*,
  No. 12-CV-05739, 2013 WL 5978454 (N.D. Cal. Nov. 7, 2013) ............................................ 7

*VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*,
  784 F.2d 1472 (9th Cir. 1986) .............................................................................................. 13

**RULES**

Fed. R. Civ. P. 30(b)(6) ............................................................................................... 5, 8, 11

Fed. R. Civ. P. 33(b)(2) ......................................................................................................... 4

Fed. R. Civ. P. 33(d) ............................................................................................................. 4

Fed. R. Civ. P. 34(b)(2)(A) ................................................................................................... 5

Fed. R. Civ. P. 56(d) ..................................................................................................... *passim*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\110756919

iii

Case No. 4:17-cv-06646-JSW
OTIS' OPPO. TO MSJ
PURSUANT TO FRCP 56(d)

Pursuant to Federal Rule of Civil Procedure 56(d), Defendant and Counter-Claimant Otis McAllister (Otis) respectfully submits this opposition to Plaintiff and Counter-Defendant Tri-Union Seafoods, LLC dba Chicken of the Sea International's (COSI's) Motion for Summary Judgment (Dkt. 72) (the Motion).

**I.   INTRODUCTION & SUMMARY OF ARGUMENT**

Months before the close of discovery and less than a week after COSI provided its first discovery responses in this action, it seeks summary adjudication of two fact-intensive affirmative defenses that would dispose of Otis' entire counterclaim. COSI's Motion arrives too soon. Given the status of the case, and more specifically, the status of discovery, decision on this issue would be without the benefit of a fulsome record. Simply put, as it stands, Otis cannot (yet) supply the "facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Accordingly, Otis files this opposition pursuant to Federal Rule of Civil Procedure 56(d).

Rule 56(d) "'provides a device for litigants to avoid summary judgment when," as here, "they have not had sufficient time to develop affirmative evidence.'" *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).[1] Such requests "'should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" *Id.* at 773–74.

Here, Otis *has* diligently pursued discovery, yet still necessitates additional facts to oppose the Motion. *See* Barry Decl. ¶¶ 3, 9.[2] More specifically, Otis requires—and is in the process of seeking—additional discovery regarding, among other things: (1) changes to COSI's mermaid, post-dating her 2003 iteration; (2) COSI's investments in its post-2003 mermaid(s); and (3) the scope and extent of the parties' past relations. *Id.* ¶¶ 3–7. The discovery Otis anticipates will dispel any notion Otis has unreasonably delayed in bringing suit (as required for both laches and acquiescence) and countenance the fact that Otis did not actively consent to

---

[1] Current Rule 56(d) was previously codified as Rule 56(f); "[w]hile the number of the rule has been altered, the spirit of the rule remains unchanged." *Roosevelt Irrigation Dist. v. Salt River Project Agricultural Improvement & Power Dist.*, No. 2:10-CV-290, 2016 WL 3613278, at *1 (D. Ariz. Feb. 22, 2016).

[2] "Barry Decl." refers to the concurrently submitted Declaration of Jennifer L. Barry in Support of Otis' Opposition.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
US-DOCS\110756919
1
Case No. 4:17-cv-06646-JSW
OTIS' OPPO. TO MSJ
PURSUANT TO FRCP 56(d)

1  COSI's infringing mermaid (as required for acquiescence).  *Id.*  The discovery procedures

2  currently underway include supplementation of COSI's discovery responses, depositions of key

3  witnesses, and anticipated additional written discovery requests.  *Id.* ¶¶ 8–9, 11, 13–14, 16–20.

4  Ample time remains under the current case schedule to permit Otis to pursue these "essential"

5  facts (Fed. R. Civ. P. 56(d)), and for COSI's Motion to be heard on an adequate record.  Otis

6  thus requests that the Court defer consideration of the Motion or deny it without prejudice

7  pursuant to Federal Rule of Civil Procedure 56(d).

## II. PROCEDURAL HISTORY

To provide the full context relevant to Otis' request for deference or denial without prejudice of the Motion, Otis first summarizes the status of the case and the status of discovery.

### A. Otis' Counterclaims & the Case Schedule

Otis' Counterclaims—which the Motion seeks to dispose of entirely—are relatively young in this litigation, largely as a result of the parties' lengthy but unsuccessful settlement efforts.  Those settlement discussions predated COSI's initiation of this lawsuit in November 2017 (*see* Dkt. 1), and continued for many months after.  On multiple occasions, the parties neared agreement, only to again diverge.  *E.g.*, Dkt. 29 (Joint Rule 26(f) Report, filed Apr. 12, 2018) at ¶ 12 ("On April 10, 2018, the parties agreed upon a settlement in principle."); Dkt. 45 (Amended Joint Rule 26(f) Report, filed Aug. 23, 2018) at ¶ 12.  Discovery did not progress as a result.  *See* Dkt. 52 (Amended Joint Rule 26(f) Report, filed Dec. 7, 2018) at ¶ 8 ("No discovery has been taken to date."); *cf.* Dkt. 58-2 (Decl. of R. Bowles, filed Apr. 12, 2019) at ¶ 2 ("Discovery in this proceeding has recently commenced.").[3]

Once it became "clear that a settlement agreement could not be reached," Otis sought leave to file its Counterclaims.  *See* Dkt. 58-1 (Mem. of P &A ISO Mot. for Leave to File FAC, filed Apr. 12, 2019) at 3; *see also* Dkt. 52 (Amended Joint Rule 26(f) Report, filed Dec. 7, 2018) at ¶ 4 ("[I]f this case cannot be settled through further mediation, Defendant reserves the right to

---

[3] Similarly, the Stipulated Protective Order in this action—necessary to facilitate discovery in this case which would "likely . . . involve production of confidential, proprietary, or private information"—was not entered until March 2019.  Dkt. 56, 57.

seek leave of Court to file a counter-claim."). Its Counterclaims were filed **May 10, 2019**. Dkt. 63. COSI's Answer and Affirmative Defenses to the claims, upon which the Motion is predicated, were filed **May 31, 2019**.[4] Dkt. 65.

It soon became apparent that, as COSI's counsel would later declare, "Defendant's First Amended Answer and Counterclaims raised for the first time issues that require additional discovery and thus require additional time." Dkt. 66-1 (Decl. of S. Brooks, filed July 1, 2019) at ¶ 4. Thus, counsel for both parties agreed—twice—that the case deadlines should be adjusted, first by a margin of 30 days, and then by a larger margin of three months. *See* Dkt. 66, 68. Both times, COSI's counsel averred to the parties' agreement that the proposed extensions "[would] allow the parties to engage in a thorough discovery process, whereby each party has ample time to propound discovery requests, respond, and use all the discovery tools provided for in the Federal Rules." Dkt. 66-1 (Decl. of S. Brooks, filed July 1, 2019) at ¶ 5; Dkt. 68-1 (Decl. of S. Brooks, filed July 23, 2019) at ¶ 5. In connection with the second of those stipulations, which moved not only discovery deadlines but "major deadlines for dispositive motions," COSI's counsel further declared: "[T]he Parties agree a modification is necessary for the case to be fairly and thoroughly litigated in accordance with the Federal Rules of Civil Procedure." Dkt. 68-1 at ¶ 7.

Accordingly, following the Court's order adopting the latest scheduling stipulation as modified, pertinent deadlines in the case are as follows:

- **Feb. 18, 2020:** Close of all discovery.
- **May 20, 2020:** Deadline for dispositive motions.
- **Oct. 21, 2020:** Trial.

Dkt. 69 at 2–4. Yet, despite that need for "modification" to "fairly and thoroughly litigate[]" this case (Dkt. 68-1 at ¶ 5), COSI filed the Motion on **August 29, 2019**—just over one month after entering that stipulation, over five months before the close of all discovery, and over eight months before the new deadline for dispositive motions.

---

[4] Otis served its first round of written discovery and document requests shortly thereafter, on June 13, 2019. Barry Decl. ¶ 9.

**B.  Status of Discovery**

Discovery is ongoing.  Barry Decl. ¶ 8.  Indeed, as of April 2019, "[d]iscovery in this proceeding" had only "recently commenced."  Dkt. 58-2 (Decl. of R. Bowles, filed Apr. 12, 2019) at ¶ 2.  And, as already discussed, Otis' recently filed counterclaims "raise[d] . . . issues that require additional discovery and thus require additional time."  Dkt. 66-1 (Decl. of S. Brooks, filed July 1, 2019) at ¶ 4.  More specifically, the status of discovery, as pertinent to the Motion, is as follows:

<u>Written Discovery</u>:  Otis propounded written discovery, consisting of 18 interrogatories, on COSI on **June 13, 2019**.  Barry Decl. ¶ 9, Ex. 2.  While COSI's responses would typically have been due in mid-July (*see* Fed. R. Civ. P. 33(b)(2)), Otis granted COSI additional time to formulate responses.  Barry Decl. ¶ 10.  COSI's initial responses were served **August 23, 2019**— just six calendar days (only four business days) before the Motion was filed.  *Id.* ¶¶ 10, 12, Ex. 4; *cf.* Dkt. (Mot.) 72.  Notably, in response to numerous interrogatories, COSI "object[ed] that discovery is still ongoing and therefore reserve[d] the right to supplement its response to [the] Interrogatory."  Barry Decl. ¶ 12, Ex. 4 at Interrog. Resp. Nos. 4–13, 15–18.  Indeed, in response to one interrogatory regarding COSI's sales to Otis, COSI provided no substantive response whatsoever, instead replying:

> "This Interrogatory is more appropriately answered by a review of COSI's documents pursuant to Fed. R. Civ. P. 33(d).  As discovery and document production are ongoing, COSI will amend and supplement this Interrogatory with citations to specific documents by bates number that answer this Interrogatory."

Barry Decl. ¶ 12, Ex. 4 at Interrog. Resp. No. 3.

Given the deficiency of several of COSI's responses, Otis initiated meet and confer discussions regarding the need for supplementation.  Barry Decl. ¶ 13, Ex. 5.  A week later, on September 4, 2019, COSI committed to supplementing its responses—including with respect to the above-mentioned interrogatory—"within the next few weeks."  *Id.*  In addition, counsel for COSI again underscored that "discovery is ongoing."  *Id.* Ex. 5 (regarding Interrog. Resp. No. 13).  Indeed, with respect to Otis' request for supplementation of COSI's interrogatory response regarding ostensible consumer association between the respective brands, COSI

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
US-DOCS\110756919

4

Case No. 4:17-cv-06646-JSW
OTIS' OPPO. TO MSJ
PURSUANT TO FRCP 56(d)

replied: "Given that depositions have not yet taken place, nor have expert reports been submitted, it is premature to demand a response beyond what was already submitted." *Id.* (regarding Interrog. Resp. No. 15). Otis awaits COSI's promised supplementation. *Id.* ¶ 13. In addition, Otis plans to propound additional interrogatories and requests for admission on COSI in light of its responses. *Id.* ¶ 14.

<u>Document Discovery:</u>  Otis propounded 93 requests for production on COSI on **June 13, 2019**. Barry Decl. ¶ 9, Ex. 1. Again, while COSI's responses typically would have been due in mid-July (*see* Fed. R. Civ. P. 34(b)(2)(A)), Otis granted COSI an extension. Barry Decl. ¶ 10. On **August 23, 2019** (again, six calendar days before the Motion was filed), COSI produced approximately 741 records, constituting approximately 2,823 pages, in response to Otis' document requests. Barry Decl. ¶ 11. Otis is still assessing whether those materials satisfied its 93 requests for production. *Id.* Notably, as shown in COSI's Response to Otis' Request for Production, COSI did not commit to producing documents in response to numerous requests for production. *E.g.*, *id.* Ex. 3 at Resp. Nos. 16, 53, 55, 60, 65–70, 87, 89, 93.

<u>Depositions:</u>  To date, no party depositions have occurred. Barry Decl. ¶ 15. In the time since COSI's Motion was filed on August 29, 2019 to present, one non-party deposition has been taken. *Id.* The parties are continuing to meet and confer over the appropriate schedule for depositions. *Id.* ¶ 16. Otis intends to seek a deposition of COSI under Federal Rule of Civil Procedure 30(b)(6), as well as of several of COSI's witnesses, including Shue Wing Chan; Thiraphong Chansiri; John Engle; Valentin Ramirez; and Mike White. *Id.* ¶ 17.[5]

<u>Expert discovery:</u>  No expert discovery has occurred to date. Barry Decl. ¶ 21; *cf. id.* ¶ 12, Ex. 4 at Interrog. Resp. Nos. 4–6, 13, 14 (objecting "to the extent [the Interrogatory] calls for expert discovery"); *cf. also id.* ¶ 13, Ex. 5 (stating, regarding Interrog. Resp. No. 15, that supplementation would be "premature" given that no "expert reports [have] been submitted").

---

[5] Otis also intends to depose former COSI employee David Roszmann (*see* Barry Decl. ¶ 18), who according to COSI was involved in prior discussions with Otis' representatives. *See id.* Ex. 4 at Interrog. Resp. No. 1.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
US-DOCS\110756919
5
Case No. 4:17-cv-06646-JSW
OTIS' OPPO. TO MSJ
PURSUANT TO FRCP 56(d)

Expert designations are due **November 18, 2019**, and expert reports are currently due **December 2, 2019**. Dkt. 69 at 2.

### III. LEGAL STANDARD

Summary judgment is only appropriate "after adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Given the status of discovery in this action, deferral of COSI's Motion pursuant to Federal Rule of Civil Procedure 56(d) is warranted.

Rule 56(d) "'provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" *Burlington N. Santa Fe R.R. Co.*, 323 F.3d at 773; *see also Roosevelt Irrigation Dist.*, 2016 WL 3613278, at *1 ("Rule 56(d) is in place 'to ensure that parties have a reasonable opportunity to prepare their case.'"). "To prevail under Rule 56(d), 'parties [o]pposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Cywee Grp. Ltd. v. HTC Corp.*, No. C17-0932, 2019 WL 3860303, at *4 (W.D. Wash. Aug. 16, 2019) (quoting *Emp'rs Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Clorox*, 353 F.3d 1125, 1129 (9th Cir. 2004)). If the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"A Rule 56(d) 'continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" *Cywee Grp.*, 2019 WL 3860303, at *4 (quoting *Burlington N. Santa Fe R.R.*, 323 F.3d at 773–74); *see also Rearden LLC v. Crystal Dynamics, Inc.*, No. 17-CV-04187, 2018 WL 3023450, at *1 (N.D. Cal. June 18, 2018) ("[c]ourts generously grant Rule 56(d) motions"). Indeed, "'the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" *Cywee Grp.*, 2019 WL 3860303, at *4 (parenthetically quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001)).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\110756919

6

Case No. 4:17-cv-06646-JSW
OTIS' OPPO. TO MSJ
PURSUANT TO FRCP 56(d)

Accordingly, courts regularly grant requests under Rule 56(d) where discovery—including through depositions—remains, as well as when the deadlines for the close of discovery and dispositive motions are months away. *See, e.g.*, *Int'l News, Inc. v. 10 Deep Clothing*, No. C18-0302, 2019 WL 3337973, at *2 (W.D. Wash. July 24, 2019) (granting Rule 56(d) request "to allow time for Defendant to review the ESI produced by Plaintiff and take the depositions of Plaintiff's president, Plaintiff's controller, and Plaintiff itself"); *New Age Imports Inc. v. VD Importers, Inc.*, No. SACV 17-02154, 2019 WL 1427468, at *1 (C.D. Cal. Feb. 21, 2019) (granting Rule 56(d) request where "Plaintiff filed its motion for partial summary judgment . . . over two months before the close of discovery"); *Violan v. On Lok Senior Health Servs.*, No. 12-CV-05739, 2013 WL 5978454, at *2 (N.D. Cal. Nov. 7, 2013) (granting Rule 56(d) request where "the discovery period ha[d] not run, the plaintiff ha[d] made some attempts to schedule the depositions, and the proposed deponents appear[ed] to have information directly relevant to the claims"); *Sterling v. City of Hayward*, No. C 12-02927, 2013 WL 4777130, at *2 (N.D. Cal. Sept. 6, 2013) (granting Rule 56(d) request where "Defendants filed their motion for summary judgment roughly two months before the close of fact discovery and five months before the last day for hearing dispositive motions").

**IV.   ARGUMENT**

Here, deferring decision on COSI's motion is appropriate because Otis has, and continues to, diligently seek discovery in this action. Barry Decl. ¶¶ 8–9, 11, 13–14, 16–20; *see, e.g.*, Dkt. 68-1 (Decl. of S. Brooks, filed July 23, 2019) at ¶ 3 ("The parties were [*sic*] been diligent in their meet and confer efforts on scheduling depositions."); *cf. Int'l News, Inc.*, 2019 WL 3337973, at *2 (concluding party had diligently pursued discovery where it "ha[d] acted within the scheduling order originally set forth by the Court"); *U.S. Equal Opportunity Comm'n v. Dillard's Inc.*, No. 08-CV-1780, 2011 WL 4507068, at *2 (S.D. Cal. Sept. 28, 2011) (finding party had not "pursued discovery in a dilatory matter" "given the parties' late start on discovery due to settlement negotiations and that, per the Court's scheduling order, discovery [was] not set to close" for several months). Yet Otis still lacks the "facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Accordingly, Otis now submits "(a) a timely application which (b) specifically

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
US-DOCS\110756919

7

Case No. 4:17-cv-06646-JSW
OTIS' OPPO. TO MSJ
PURSUANT TO FRCP 56(d)

identifies (c) relevant information, (d) where there is some basis for believing the information sought actually exists." *Cywee Grp.*, 2019 WL 3860303, at *4.

In sum, and as will be further explained below, the following information is vital to "'ensur[ing] [Otis] a reasonable opportunity to prepare [its] case'" (*Roosevelt Irrigation Dist.*, 2016 WL 3613278, at *1):

- Further discovery, including through further interrogatories, a Federal Rule of Civil Procedure 30(b)(6) deposition of COSI, and depositions of COSI's personnel, regarding **changes to the COSI mermaid *after 2003***;

- Further discovery, including through a Federal Rule of Civil Procedure 30(b)(6) deposition of COSI and depositions of COSI's personnel, regarding **COSI's investments in the iterations of its *post-2003* mermaid**, including with respect to its specific expenditures;

- Further discovery, including through supplementation of COSI's prior discovery responses, as well as depositions of key individuals (including Shue Wing Chan (corporate Manager of COSI), Thiraphong Chansiri (President and CEO of Thai Union Group and Director of COSI), and David Roszmann (former Chief Operating Officer of COSI)), regarding **the parties' prior business relationship**.

Barry Decl. ¶¶ 3–7, 19. Discovery on these key issues is still underway. Barry Decl. ¶¶ 8–9, 11, 13–14, 16–20. And, pending receipt of those materials, ample time remains for COSI's fact-intensive summary judgment motion to be decided. *See, e.g.*, *New Age Imports*, 2019 WL 1427468, at *1; *Sterling*, 2013 WL 4777130, at *2; *see also United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, Cal.*, No. 13-CV-02027, 2014 WL 3704041, at *3 (N.D. Cal. July 24, 2014) (observing that, as the Court had "recently extended all case deadlines, including discovery deadlines," it "would be spinning its wheels by considering a summary judgment motion when the parties have not had time to develop an adequate factual record"); *cf. Great Am. Assurance Co. v. Bishop*, No. 18-CV-03630, 2018 WL 5776270, at *1 (N.D. Cal. Nov. 2, 2018) (granting Rule 56(d) relief regarding summary judgment motion on issues of waiver and estoppel, "defenses [which] are, at least in part, factual questions").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
US-DOCS\110756919

8

Case No. 4:17-cv-06646-JSW
OTIS' OPPO. TO MSJ
PURSUANT TO FRCP 56(d)

### A. Further Discovery Is Necessary to Adjudicate COSI's Affirmative Defense of Laches.

The affirmative defense of laches presents a "fact-intensive" inquiry, "rarely susceptible to resolution at summary judgment." *Stone Brewing Co., LLC v. MillerCoors LLC*, No. 3:18-CV-00331, 2019 WL 1383273, at *11 (S.D. Cal. Mar. 26, 2019). "The test for laches is two-fold: first, was the plaintiff's delay in bringing suit unreasonable? Second, was the defendant prejudiced by the delay?" *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 990 (9th Cir. 2009).

"The limitations period for laches starts when the plaintiff 'knew or should have known about its potential cause of action.'" *Internet Specialties W.*, 559 F.3d at 990. In this context, the relevant inquiry "is when the mark holder 'knew or should have known about the likelihood of confusion between' the marks." *Fitbug Ltd. v. Fitbit, Inc.*, 78 F. Supp. 3d 1180, 1187 (N.D. Cal. 2015) (quoting *Internet Specialties W.*, 559 F.3d at 990); *see also Luna Distrib. LLC v. Stoli Grp. (USA), LLC*, No. SA CV 17-1552, 2018 WL 5099277, at *6 (C.D. Cal. July 10, 2018) ("discovery of a cause of action does not necessarily equate to discovery of a defendant's first unpermitted use of the contested mark . . . because Lanham Act § 43(a) involves other elements, such as likelihood of confusion, that must be satisfied before a claim can accrue"). "[T]rademark holders are not required to 'constantly monitor every nook and cranny of the entire nation and to fire both barrels of [its] shotgun instantly upon spotting a possible infringer.'" *Luna Distrib.*, 2018 WL 5099277, at *6. And, to be certain, the inquiry as to the plaintiff's delay does not stop with the computation of time; rather, the court assesses too whether there was reason for delay. *See Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*, 880 F.3d 1109, 1119 (9th Cir. 2018).[6]

"Even where a defendant establishes that a plaintiff delayed unreasonably in filing suit, laches will not bar a claim unless that delay prejudiced the defendant." *Eat Right Foods*, 880 F.3d at 1119; *see also AirFX.com v. AirFX LLC*, No. 11-CV-01064, 2012 WL 1067935, at *2

---

[6] Numerous factors are relevant to this inquiry, including: "'1) the strength and value of trademark rights asserted; 2) plaintiff's diligence in enforcing mark; 3) harm to senior user if relief denied; 4) good faith ignorance by junior users; 5) competition between senior and junior users; and 6) extent of harm suffered by junior user because of senior user's delay.'" *Internet Specialties W.*, 559 F.3d at 991 n.3.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
US-DOCS\110756919
9
Case No. 4:17-cv-06646-JSW
OTIS' OPPO. TO MSJ
PURSUANT TO FRCP 56(d)

(D. Ariz. Mar. 29, 2012). "Establishing undue prejudice requires that the defendant show 'at least some reliance on the absence of lawsuit.'" *Eat Right Foods*, 880 F.3d 1119.

### 1. Otis Requires Additional Discovery Regarding the Iterations of COSI's Mermaids to Present Facts Essential to Justify Its Opposition on the Issue of Laches.

First and foremost, COSI's Motion—and assumption for when the laches clock starts—rests on a faulty understanding of Otis' counterclaim, which underscores the need for additional discovery. COSI characterizes "the gist of [Otis'] claims [as] that Chicken of the Sea's *updated 2003 mermaid logo* is confusingly similar to the mermaid logo Otis has allegedly used on its canned sardines since 1918." Mot. at 1:10–12 (emphasis added); *see also* Dkt. 75 at ¶ 4. Yet Otis' claims are not based on the *2003 iteration* of COSI's ever-changing mermaid. Rather, Otis challenges the *current* version of the COSI mermaid (see Dkt. 63 (Countercl.) at ¶¶ 21–23), which differs markedly from the iteration COSI used in 2003, as shown below:

| **2003 COSI Mermaid** | **Current COSI Mermaid** |
|---|---|
| *Source:* Dkt. 72-3 (Decl. of V. Ramirez) at ¶ 4, Ex. A. | *Source:* Dkt. 63 (Countercl.) at ¶ 21. |

Unlike her predecessor(s), this new COSI mermaid features a "much more 'realistic'" animation style and sits atop a rock in the ocean—just like Otis' mermaid. Dkt. 63 (Countercl.) at ¶ 23. To be clear, Otis does not take issue with the 2003 COSI mermaid. *See, e.g.*, *id.* at ¶ 3 ("There has always been enough room in the sea for both mermaids, particularly because the mermaids had historically looked nothing alike.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
US-DOCS\110756919

10

Case No. 4:17-cv-06646-JSW
OTIS' OPPO. TO MSJ
PURSUANT TO FRCP 56(d)

Numerous factual nuances remain to be explored regarding when, how, and why COSI altered its mermaid to look more like Otis' mermaid. Barry Decl. ¶¶ 3–6, 14. Those discoveries will in turn inform when Otis "'knew or should have known about the likelihood of confusion between' the marks," such that the period for laches began to run. *Fitbug Ltd.*, 78 F. Supp. 3d at 1187. Otis plans to seek further discovery regarding these material alterations through depositions of COSI's personnel, a Rule 30(b)(6) deposition of COSI, and additional interrogatories regarding the modifications. Barry Decl. ¶¶ 8, 14, 17, 20; *see, e.g.*, *Int'l News*, 2019 WL 3337973, at *2 (granting Rule 56(d) relief where additional depositions of Plaintiff's president, its controller, and itself remained). Moreover, Otis expects that, consistent with its objection that "discovery is ongoing," COSI will supplement its response to Interrogatory No. 8. *See* Barry Decl. ¶ 12, Ex. 4 at Interrog. Resp. No. 8. That interrogatory sought the basis for COSI's denial of Otis' allegation that "COSI has changed/modified its mermaid attempting to make it confusingly similar to the Otis Mermaid." *Id.*; *see also* Dkt. 63 (Countercl.) at ¶ 22.

In a similar vein, COSI's recent interrogatory response *denied* that "the 'current COSI mermaid' depicted in Paragraph 22 of Otis' Counterclaims accurately depicts the mermaid used on labels for its canned tuna products." Barry Decl. ¶ 12, Ex. 4 at Interrog. Resp. No. 8. Thus, COSI cannot rely on its claimed (but unspecified) sales data as putting Otis on constructive notice of its newest mermaid (*cf.* Mot. at 7:15–27); rather, given this response from COSI, further discovery is necessary to assess the extent and scope of publication of COSI's newest mermaid. *See* Barry Decl. ¶¶ 3, 5–6; *see Stone Brewing Co.*, 2019 WL 1383273, at *11 ("As Stone notes, however, the fact that it has known of Miller's existence for many years does not necessarily imply that it has known of Miller's *infringement* for many years.") (emphasis in original). That discovery will also be essential to assessing the reasonableness of any delay, and particularly Otis' "diligence in enforcing [its] mark.'" *Internet Specialties W.*, 559 F.3d at 991 n.3; *see* Barry Decl. ¶¶ 3–6. In this regard, COSI's arguments again rest on the (faulty) notion that Otis' challenges go to its 2003 mermaid. *E.g.*, Mot. at 11 (citing COSI's trademark registrations for its 2003 mermaid).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
US-DOCS\110756919

11

Case No. 4:17-cv-06646-JSW
OTIS' OPPO. TO MSJ
PURSUANT TO FRCP 56(d)

Further, the distinction between COSI's 2003 mermaid and its current mermaid is central to assessing prejudice in this context. Barry Decl. ¶¶ 3, 6. *See AirFX.com*, 2012 WL 1067935, at *3 ("Prejudice is a distinct and mandatory prong."). In furtherance of its laches argument, COSI relies on expectations-based prejudice, i.e., that which "occurs when a party suffers consequences or acts in a way that he would not have had he been sued promptly." *Id.* at *3. Here, COSI's claimed expectations-based prejudice is not—as it should be—tethered to its most recent mermaid. *See Eat Right Foods*, 880 F.3d at 1119 ("the prejudice inquiry is concerned with actions a defendant took during the plaintiff's delay in bringing suit—not all the actions it took in relation to the use of a mark"). Rather, COSI cites its various (and relatively unspecified) expenditures in the past decades. *See* Mot. at 13.[7] Further discovery is necessary as to the scope and extent of COSI's claimed expectations-based prejudice specific to its *current* mermaid, which will be obtained through the anticipated depositions, as well as written discovery. Barry Decl. ¶¶ 3–6, 14, 17, 20. And, in any event, COSI's reliance on unspecified sales figures (e.g., "millions of dollars" (Mot. at 12:28)) is not sufficiently specific to its "investments in the [current mermaid] . . . as the identity of the business in the public's mind" to establish prejudice. *Internet Specialties W.*, 559 F.3d at 991; *see also id.* ("'If this prejudice could consist merely of expenditures in promoting the infringed name, then relief would have to be denied in practically every case.'").[8]

  **2.  Otis Requires Additional Discovery Regarding the Parties' Prior Business Relations to Present Facts Essential to Justify Its Opposition on the Issue of Laches.**

---

[7] Additionally, it bears noting that COSI's assertion that "Otis' requested relief would . . . force [COSI] to replace its entire line of canned seafood products bearing the 'updated' [2003] mermaid" is rooted in a faulty premise. Mot. at 13. As has already been explained, Otis' claims go to her later iterations, not the 2003 version. *See also* Dkt. 63 (Countercl.) at ¶ 3 ("There had always been enough room for both mermaids in the sea, particularly based on the fact that the mermaids had historically looked nothing alike.").

[8] Further, Otis notes that Valentin Ramirez, who provided a declaration in support of COSI's Motion, remains to be deposed in this action. Barry Decl. ¶¶ 17, 20; *cf. Nazomi Commc'ns, Inc. v. Nokia Corp.*, No. 5:10-CV-04686, 2012 Wl 892334, at *3 (N.D. Cal. Mar. 14, 2012) (granting Rule 56(d) motion where, among other things, "plaintiff argue[d] that it is entitled to depose the declarants who offer statements in support of the instant motion for summary judgment").

1       Discovery regarding the parties' prior relations is also necessary to assessing the reasonableness of Otis' ostensible delay. Barry Decl. ¶¶ 3, 7; *see Internet Specialties W.*, 559 F.3d at 991 n.3 (deeming relevant a plaintiff's "diligence in enforcing [its] mark"). And not only are the parties' prior relations relevant to assessing the reasonableness of any delay, but they will also shed light on whether the period for computing laches should be tolled. Barry Decl. ¶¶ 3, 7; *see, e.g.*, *Eat Right Foods*, 880 F.3d at 1118–19 (concluding the district court "could determine that it was reasonable for ERF to 'attempt to avoid the expense and inconvenience of a lawsuit' by pursuing alternatives to litigation and filing suit only after it was clear that Whole Foods was not amenable to such alternatives"); *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183 (9th Cir. 2010) (noting that a two-year delay during which "the parties were actively seeking to resolve [the] matter out of court" rendered it "not unreasonable for Toyota to attempt to avoid the expense of a lawsuit"). That is to say, the contours of the parties' business relationship and prior negotiations—i.e., as exploration of alternatives to litigation—are pertinent to assessing whether the period for bringing suit should be tolled.

      COSI has not been forthcoming with discovery regarding the parties' past interactions; COSI has even denied the scope of those relations as pled in Otis' Counterclaims. *Compare* Dkt. 63 (Countercl.) at ¶ 14 *with* Dkt. 65 (Countercl. Ans.) at ¶ 14; *see also* Barry Decl. ¶ 12, Ex. 4 at Interrog. Resp. No. 1. Similarly, COSI has only committed to identifying "[f]rom 2008 to present, its sale(s) to [Otis]" "within the next few weeks." Barry Decl. ¶ 13, Ex. 5; *see also id.* Ex. 4 at Interrog. Resp. No. 3; *see, e.g.*, *Sterling*, 2013 WL 4777130, at *3 ("denial of [a] motion under Rule 56(d) is especially inappropriate 'where the material sought is also the subject of outstanding discovery requests'") (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). And, perhaps also notably, COSI has not yet committed to producing documents relevant to that topic. *E.g.*, Barry Decl. ¶ 11, Ex. 3 at Resp. No. 66.[9]

---

[9] Request for Production Number 66 seeks: "ALL DOCUMENTS sufficient to summarize the total annual sales of seafood products YOU sold to OTIS McALLISTER from 2008 to 2018, INCLUDING, but not limited to spreadsheets, but not INCLUDING ALL individual sales invoices, orders, or packing slips for such sales which OTIS does not request be produced herein." Barry Decl. ¶ 11, Ex. 3 at Request No. 66.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
US-DOCS\110756919
13
Case No. 4:17-cv-06646-JSW
OTIS' OPPO. TO MSJ
PURSUANT TO FRCP 56(d)

Likewise, as to an interrogatory regarding its "interest in acquiring, investing in, or working cooperatively with [Otis]," COSI responded only "upon information and belief" that "at least [three] individuals have met in person with representatives of Otis McAllister at various times to discuss various issues." Barry Decl. ¶ 12, Ex. 4 at Interrog. Resp. No. 1 (identifying those individuals as Shue Wing Chan (corporate manager of COSI); Thiraphong Chansiri (President and CEO of Thai Union Group and Director of COSI); and David Roszmann (former Chief Operating Officer of COSI)). When prompted regarding the deficiencies in a related interrogatory response, COSI explained: "[T]here were a series of conversations and discussions which were referenced in the email correspondence (documents in fact produced by Otis) which reference the substance of these conversations." Barry Decl. ¶ 13, Ex. 5. Given COSI's reticent responses, it is clear that the "substance of those conversations" will only be ascertainable through the upcoming depositions of COSI's executives, including Shue Wing Chan and Thiraphong Chansiri.[10]  *See* Barry Decl. ¶ 19.

### B. Further Discovery Is Necessary to Adjudicate COSI's Affirmative Defense of Acquiescence.

More discovery is also needed for Otis to oppose COSI's reliance on its affirmative defense of acquiescence. Barry Decl. ¶¶ 3–7. To succeed on this defense, COSI must show that "(1) the senior user actively represented that it would not assert a right or a claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused the defendant undue prejudice." *Seller Agency Council v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 988 (9th Cir. 2010). Foremost, for the same reasons as stated above with respect to COSI's laches defense, its defense of acquiescence too necessitates further discovery. *See Eat Right Foods*, 880 F.3d at 1121; *Monster Energy Co. v. BeastUp LLC*, No. 2:17-CV-01605, --- F. Supp. 3d ---, 2019 WL 3803679, at *18 (E.D. Cal. Aug. 13, 2019) ("Further, to the extent defendant's acquiescence defense focuses on any delay by plaintiff, defendant's inability to prevail on its laches defense dooms its acquiescence defense as well.").

---

[10] While COSI has agreed in principle to providing potential deposition dates for Shue Wing Chan, it has repeatedly lodged an apex objection to Thiraphong Chansiri's deposition. Barry Decl. ¶ 20. The parties are continuing to meet and confer over the issue. *Id.* It may soon be ripe for judicial consideration if agreement cannot be reached.

Acquiescence differs further from laches in that it requires "active consent, while laches implies merely passive consent." *Tillamook Country Smoker, Inc. v. Tillamook Cty. Creamery Ass'n*, 311 F. Supp. 2d 1023, 1031 n.2 (D. Or. 2004), *aff'd* 465 F.3d 1102 (9th Cir. 2006). Put another way, "[a]cquiescence . . . 'requires an affirmative representation by the plaintiff that it will not assert a claim.'" *Monster Energy Co.*, 2019 WL 3803679, at *17.

Here, COSI relies on the alleged "[c]ontinued business relationship" between the parties as establishing active consent. *See* Mot. at 14–15. Yet neither of COSI's cited authorities stand for the notion that a mere business relationship alone—without other facts—constitutes "active consent." *Tillamook Country Smoker*, 311 F. Supp. 2d at 1031 n.2. The decision in *Tillamook* does not even turn on the defense of acquiescence. *See id.* ("the court . . . need not decide whether Creamery's objections are barred by acquiescence, since laches applies"). Nor does the Ninth Circuit opinion affirming the *Tillamook* trial court ruling make mention of the term "acquiescence." *See generally* 465 F.3d 1102. And *Dwinell-Wright Co. v. White House Milk Co.*, 132 F.2d 822 (2d Cir. 1943) involved far more than a continual business relationship; there, the party had "affirmatively suggested the joint sale of milk and coffee under the same mark," and even when that offer was refused, continued to "contribute[] to the joint advertising of both" for multiple years to come. *Id.* at 825.

This is to say, more facts are needed in discovery to assess whether Otis can truly be said to have "affirmative[ly] represent[ed] . . . that it [would] not assert a claim." *Eat Right Foods*, 880 F.3d at 1121. Tellingly, in support of this argument, COSI relies solely on an allegation in Otis' counterclaim, ***which it largely denied***, regarding the parties' interactions from 2008 to 2018. *See* Mot. at 14; *compare* Dkt. 63 (Countercl.) at ¶ 14 *with* Dkt. 65 (Countercl. Ans.) at ¶ 14. And as already explained above, further discovery regarding the extent and scope of the parties' prior relations is not only anticipated, but needed for decision on this issue. Barry Decl. ¶¶ 3, 7, 19; *see, e.g.*, *Int'l News*, 2019 WL 3337973, at *2 (granting Rule 56(d) relief where additional depositions of Plaintiff's president, its controller, and itself remained).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
US-DOCS\110756919

15

Case No. 4:17-cv-06646-JSW
OTIS' OPPO. TO MSJ
PURSUANT TO FRCP 56(d)

## V. CONCLUSION

COSI's motion is simply too early. For the foregoing reasons, Otis respectfully requests that the Court defer consideration of COSI's Motion to a later date, or deny the motion without prejudice. *See* Fed. R. Civ. P. 56(d).

Respectfully submitted,

Dated: September 12, 2019

LATHAM & WATKINS LLP

By: */s/Jennifer Barry*
   Jennifer L. Barry

*Attorneys for Defendant & Counter-Claimant*
Otis McAllister, LLC

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\110756919

16

Case No. 4:17-cv-06646-JSW
OTIS' OPPO. TO MSJ
PURSUANT TO FRCP 56(d)